UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUNIOR BONILLA,

          Petitioner,

v.                                      Case No. 8:06-cv-2226-T-24MSS

SECRETARY, DEPT. OF CORRECTIONS,

          Respondent.
_____

**ORDER**

Junior Bonilla petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bonilla challenges his convictions and sentences for attempted first degree murder and armed burglary of a dwelling entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

BACKGROUND

On March 27, 1998, the State Attorney filed an amended three-count information charging Bonilla with one count of attempted first degree murder (count one) and two counts of armed burglary of a dwelling (counts two and three). (Exhibit 1). The case proceeded to a jury trial. The jury found Bonilla guilty of attempted first degree murder and one count of armed burglary of a dwelling. The jury acquitted Bonilla of armed burglary of a dwelling charged in count two. (Exhibit 2). On July 21, 1998, the state trial court

sentenced Bonilla, as a violent habitual felony offender, to concurrent life sentences with a mandatory term of fifteen years.

Bonilla appealed. On June 18, 1999, in Case No. 2D98-03335, the state district court of appeal per curiam affirmed Bonilla's conviction and sentence. (Exhibit 4). Bonilla v. State, 737 So. 2d 1085 (Fla. 2d DCA 1999)[Table]. On April 10, 2000, pursuant to Fla. R. Crim. P. 3.850, Bonilla filed a pro se motion for postconviction relief. (Exhibit 6). On February 6, 2002, following an evidentiary hearing on two of the five grounds in the motion, the state trial court denied rule 3.850 relief. (Exhibit 7). Bonilla appealed the denial of rule 3.850 relief. On April 23, 2003, in Case No. 2D02-1256, the state district court of appeal per curiam affirmed the state trial court's denial of postconviction relief. (Exhibit 8). Bonilla v. State, 848 So. 2d 316 (Fla. 2d DCA 2003)[table]. The mandate issued on June 20, 2003. (Exhibit 9).

The Hillsborough County Clerk's Court Progress Docket indicates that Bonilla filed a second rule 3.850 motion on August 6, 2003. (Exhibit 10 at page 3). The state trial court summarily denied the motion on December 15, 2003.  According to the state trial court docket, Bonilla did not appeal.

On January 14, 2003, Bonilla filed a state petition for writ of habeas corpus in the state district court of appeal, alleging ineffective assistance of appellate counsel. (Exhibit 11). On February 19, 2004, in Case No. 2D04-272, the state district court of appeal dismissed the petition as untimely. (Exhibit 12).

On April 26, 2004, Bonilla filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 10 at page 1-2). The state trial court summarily denied the motion on July 27, 2004. (Exhibit 10 at page 1). Bonilla

appealed. On November 19, 2004, in Case No. 2D04-3875, the state district court of appeal affirmed the order denying relief. (Exhibit 13). Bonilla v. State, 916 So. 2d 3 (Fla. 2d DCA 2004)[Table]. The mandate issued on December 16, 2004. (Exhibit 14).

On February 2, 2006, Bonilla filed another motion to correct sentence. (Exhibit 15). On March 27, 2006, the state trial court summarily denied the motion. (Exhibit 16). Bonilla appealed the order denying the motion to correct sentence. On June 21, 2006, in Case No. 2D06-1726, the state district court of appeal per curiam affirmed the denial of the motion, citing AGNAIL v. State, 862 So. 2d 91 (Fla. 2d DCA 2003) and Dixon v. State, 812 So. 2d 471 (Fla. 4th DCA 2002). (Exhibit 17). Bonilla v. State, 935 So. 2d 5 (Fla. 2d DCA 2006)[Table]. Following the denial of Bonilla's motion for rehearing, the state district court of appeal issued its mandate on August 18, 2006. (Exhibit 18).

The Present Petition

Bonilla signed the present § 2254 petition on November 26, 2006. (Doc. 1). The petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Bonilla's judgment became final on September 16, 1999, ninety days after his conviction and sentence were affirmed on appeal on June 18, 1999. See Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). Rule 13(3) of the Supreme Court Rules provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date

> of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3). See also, Chavers v. Secretary, Fla. Dept. of Corrections, Case No. 05-15163 (11th Cir. Oct. 31, 2006) (confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued).

Accordingly, Bonilla had one year, or until September 15, 2000, to file his federal petition. Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In this case, Bonilla filed two motions for postconviction relief, two rule 3.800 motions to correct sentence, and a petition for writ of habeas corpus in the state court. However, even if all collateral applications were properly filed and acted to toll the federal one year period, his federal habeas is untimely. This is so because there is a period of over one year during which no properly filed collateral applications were pending in state court: from the date the mandate issued in his first 3.800 appeal on December 16, 2004, until Bonilla filed his second motion to correct sentence on February 2, 2006. That time period alone encompasses 412 days during which no tolling motion was pending. The state trial court docket demonstrates that Bonilla did not file any postconviction motions during that period of time. (See Exhibit 10 at page 1, and Exhibits 14 and 15). Accordingly, the instant federal petition is untimely even without considering any other possible tolling proceedings.

Moreover, there are additional time periods during which no properly filed collateral

applications were pending in state court. There was a period of 206 days of "idle" time between the date the judgment became final (September 16, 1999) until the first Rule 3.850 motion was filed (April 10, 2000). Forty-six days passed after the mandate was filed in the rule 3.850 appeal (June 20, 2003) until Bonilla filed his second motion (August 6, 2003). The second rule 3.850 motion was denied on December 15, 2003. Thereafter, no tolling motion existed[1] until Bonilla filed his first Rule 3.800 motion to correct sentence on April 26, 2004, after 132 more days elapsed in the one year period of limitations. Finally, 69 additional days of the one-year period were taken up after the mandate issued in the appeal from the denial of the second rule 3.800 motion on August 18, 2006, until Bonilla filed the federal petition on November 26, 2006. The additional periods of "idle" time, totaling 453 days, also indicate the passage of more than one year without the filing of a tolling motion by Bonilla.

The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Helton v. Sec. for the Dep't of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001). However, in this case, Bonilla has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

---

[1] The petition for writ of habeas corpus which Bonilla filed in the state district court of appeal did not toll the federal statutory period. The petition was dismissed by the state district court of appeal as untimely, and therefore was not a "properly filed" application. See Pace v. DiGuglielmo, 544 U.S. 408 (2005), where the United States Supreme Court held that "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." 544 U.S. at 417.

Finally and alternatively, Bonilla would not be entitled to relief from this Court even if the petition were timely. The sole claim raised in the petition is that his sentences are illegal and/or unconstitutional where the habitual offender sentence was not orally pronounced. This Court does not have subject matter jurisdiction to consider this claim because it concerns a matter of state law rather than a federal constitutional issue. Federal courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims which are not based upon a violation of the United States Constitution are not cognizable in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). Barclay v. Florida, 463 U.S. 939 (1983). See also Wainwright v. Goode, 464 U.S. 78 (1983); Engle v. Isaac, 456 U.S. 107 (1982). Errors which do not infringe upon federally protected rights provide no basis for federal habeas corpus relief. It is well-settled in this circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988); Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Branan, 861 F.2d at 1508. Moreover, the state trial court addressed this claim in Bonilla's second motion to correct sentence, and concluded that the written judgment and sentence do conform to the oral pronouncement as to Bonilla's treatment as an habitual violent felony offender. (See Exhibit 16 at pages 1-2).

Accordingly, the Court orders:

That Bonilla's petition is denied, with prejudice.  The Clerk is directed to enter judgment against Bonilla and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 20, 2007.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record

Junior Bonilla